Elinor E. PETERSEN, Appellant,

v.

**ALAMEDA WEST LAGOON HOME OWNERS' ASSOCIATION et al.,**
Appellees.

No. 21438.

United States Court of Appeals
Ninth Circuit.

Sept. 6, 1967.

———◇———

Elinor E. Petersen, Oakland, Cal., in pro. per.

Thomas C. Lynch, Atty. Gen. of Cal., Harold Teasdale, Deputy Atty. Gen., San Francisco, Cal., Frederick M. Cunningham, City Atty., Burnhill, Rode, Moffitt & Moore, Alameda, Cal., Hagar, Crosby & Rosson, Oakland, Cal., Landels, Ripley, Gregory & Diamond, San Francisco, Cal., for appellees.

Before JOHNSEN,* BARNES, and ELY, Circuit Judges.

PER CURIAM:

This appeal follows the District Court's dismissal, for want of jurisdiction, of an action which appellant had there filed.

The appellant's amended complaint was framed in two parts, the first asserting the ownership, as against appellees, of certain California real property, and the second alleging the tortious interference by appellees with the appellant's alleged right to the use of the property. The basis of appellant's claim of title may be seen in reports of her previous engagements in similar legal contests. This court has rejected her former position that the boundary of land to which she claims title extends to "the deepest waters of the Bay of San Francisco." Petersen v. United States, 327 F.2d 219 (9th Cir. 1964). We held that the extent of title was to be determined, not by an 1820 grant from the King of Spain to appellant's original predecessor, but by interpretation of a patent ultimately issued by the United States in 1874. In a subsequent California state proceeding, it was held that since appellant had no interest in certain tidelands, she acquired no interest in the fill of such tidelands by artificial means. South Shore Land Co. v. Petersen, 230 Cal.App.2d 628, 41 Cal.Rptr. 277 (1964). The appellees insist that appellant's present claim "is exactly the same claim which she has litigated previously in" the two cases cited. The appellant denies this, representing that the lands here involved are different lands. It is unnecessary for us to resolve this factual dispute. We, like the District Court, can perceive no basis for the entertainment of federal jurisdiction. Since appellant's claim of title to tidelands has been finally rejected, her present claim is to the ownership of California lands and, absent the requisite diversity of citizenship between parties, the courts of California should resolve disputes pertaining to California lands.

The appellant insists that there was District Court jurisdiction because of the relation of the land ownership to the Treaty of Guadalupe Hidalgo. Under that Treaty, the United States, in 1848, succeeded to the sovereignty of Mexico over land now constituting the State of California. Appellant's allegations do not require an interpretation of the Treaty and, as previously emphasized, her rights, if any, derive from the patent of 1874 and not directly from any grant or treaty which was made before.

* Senior Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

Appellant's amended complaint did not present a federal question, and it is clear that it could not have been made to do so by further amendment.[1]

Affirmed.

---

1. In paragraphs VI and VII of the "Second Cause of Action" of appellant's amended complaint, it is alleged that the appellees "wilfully and maliciously conspired and used great physical force and restraint" upon appellant. From representations contained in the briefs and made during oral argument, we learn that such allegations might have been enlarged so as to reveal that one or more of the appellees had procured the arrest of appellant upon the charge of trespassing. We are told that there is now pending a California state suit in which appellant seeks damages for that arrest. During oral argument, she expressly disclaimed intent or desire that federal jurisdiction in the present suit should be held to rest upon provisions of the Civil Rights Act, 42 U.S.C. § 1983.